# U.S. District Court
# U.S. District of Minnesota (DMN)
# CIVIL DOCKET FOR CASE #: <ins>0:14–cv–00370–DWF–HB</ins>

Kolls v. City of Edina et al

Assigned to: Judge Donovan W. Frank

Referred to: Magistrate Judge Hildy Bowbeer

Demand: $100,000

Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 02/11/2014

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Jay Clifton Kolls**

represented by **Kenneth H Fukuda**
Sapientia Law Group
12 S 6th St Ste 1242
Mpls, MN 55402
612–756–7103
Email: kennf@sapientialaw.com
*TERMINATED: 09/19/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lorenz F Fett , Jr**
Sapientia Law Group
12 S 6th St Ste 1242
Mpls, MN 55402
612–756–7100
Fax: 612–756–7101
Email: larryf@sapientialaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sonia L Miller–Van Oort**
Sapientia Law Group
12 S 6th St Ste 1242
Mpls, MN 55402
612–756–7100
Email: soniamv@sapientialaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan A Strauss**
Sapientia Law Group PLLC
12 S 6th St Ste 1242
Mpls, MN 55402
612–756–7100
Fax: 612–756–7101
Email: jons@sapientialaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Edina**
*TERMINATED: 11/07/2014*

represented by   **Mark P Hodkinson**
Bassford Remele, PA
33 S 6th St Ste 3800
Mpls, MN 55402–3707
612–333–3000
Fax: 612–333–8829
Email: markh@bassford.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of Minneapolis**
*TERMINATED: 11/07/2014*

represented by   **Darla J Boggs**
Minneapolis City Attorney's Office
350 S 5th St Rm 210
Mpls, MN 55415
(612) 673–2180
Fax: (612) 673–3362
Email: darla.boggs@ci.minneapolis.mn.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory P Sautter**
Office of the City Attorney
350 South 5th Street
City Hall, Room 210
Minneapolis, MN 55415
612 673–2683
Email: gregory.sautter@minneapolismn.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of Mound**
*TERMINATED: 11/07/2014*

represented by   **Jon K Iverson**
Iverson Reuvers Condon
9321 Ensign Ave S
Bloomington, MN 55438
952–548–7204
Fax: 952–548–7210
Email: jon@irc–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephanie A Angolkar**
Iverson Reuvers Condon
9321 Ensign Ave S
Bloomington, MN 55438
952–548–7200

Fax: 952–548–7210
Email: stephanie@irc–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan M Tindal**
Iverson Reuvers Condon
9321 Ensign Ave S
Bloomington, MN 55438
952–548–7200
Fax: 952–548–7210
Email: susan@irc–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of Orono**                        represented by   **Jon K Iverson**
*TERMINATED: 11/07/2014*                                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stephanie A Angolkar**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Susan M Tindal**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Dakota Communications Center**         represented by   **Jon K Iverson**
*TERMINATED: 11/07/2014*                                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stephanie A Angolkar**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Susan M Tindal**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Renville County**                      represented by   **Jamie L Jonassen**
*TERMINATED: 11/07/2014*                                  Jardine Logan & O'Brien PLLP
                                                          8519 Eagle Point Blvd Ste 100

Lake Elmo, MN 55042
651–290–6533
Fax: 651–223–5070
Email: jguderian@jlolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph E Flynn**
Jardine Logan & O'Brien PLLP
8519 Eagle Point Blvd Ste 100
Lake Elmo, MN 55042
651–290–6500
Fax: 651–223–5070
Email: jflynn@jlolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **City of Rosemount**<br>*TERMINATED: 11/07/2014* | represented by | **Jon K Iverson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephanie A Angolkar**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Susan M Tindal**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **City of Savage**<br>*TERMINATED: 11/07/2014* | represented by | **Jon K Iverson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephanie A Angolkar**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Susan M Tindal**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

represented by

**City of Shakopee**
*TERMINATED: 11/07/2014*

**Jon K Iverson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephanie A Angolkar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan M Tindal**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of St. Paul**
*TERMINATED: 11/07/2014*

represented by **Adam M Niblick**
Saint Paul City Attorney's Office
750 City Hall & Courthouse
15 West Kellogg Blvd
St. Paul, MN 55102
651−266−8722
Fax: 651−266−8787
Email: adam.niblick@ci.stpaul.mn.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Campion**
*in his individual capacity as the*
*Commissioner of the Department of*
*Public Safety*
*TERMINATED: 11/07/2014*

represented by **Oliver J Larson**
Minnesota Attorney General's Office − Ste
1800
445 Minnesota St Ste 1800
St Paul, MN 55101−2134
651−757−1265
Fax: 651−297−1235
Email: oliver.larson@ag.state.mn.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ramona Dohman**
*in her individual capacity as the*
*Commissioner of the Department of*
*Public Safety*
*TERMINATED: 11/07/2014*

represented by **Oliver J Larson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John and Jane Does**
*(1−50) acting in their individual capacity*
*as supervisors, officers, deputies, staff,*

*investigators, employees or agents of the*
*other governmental agencies*

**Defendant**

**Department of Public Safety Does**
*(1–30) acting in their individual capacity*
*as officers, supervisors, staff, employees,*
*independent contractors or agents of the*
*Minnesota Department of Public Safety*

**Defendant**

**Entity Does**
*(1–50) including cities, counties,*
*municipalities, and other entities sited in*
*Minnesota*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/11/2014 | 1 | | COMPLAINT against All Defendants. ( Filing fee $ 400 receipt number 0864–3862453.) Filed by Jay Clifton Kolls. Filer requests summons issued. (Attachments: # 1 Exhibit(s) A–D, # 2 Civil Cover Sheet) (Strauss, Jonathan) (Entered: 02/11/2014) |
| 02/11/2014 | 2 | | TEXT ONLY ENTRY: CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge John R. Tunheim per Civil Rights–Other List referred to Magistrate Judge Jeanne J. Graham. Please use case number 14–cv–370 (JRT/JJG). (MMP) (Entered: 02/11/2014) |
| 02/11/2014 | 3 | | Summons Issued as to City of Edina, City of Minneapolis, City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, City of St. Paul, Dakota Communications Center, Renville County. (MMP) (Entered: 02/11/2014) |
| 02/11/2014 | 4 | | Summons Issued as to Michael Campion, Department of Public Safety Does, Entity Does, John and Jane Does, Ramona Dohman. (MMP) (Entered: 02/11/2014) |
| 02/17/2014 | 5 | | NOTICE of Appearance by Jon K Iverson on behalf of City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, Dakota Communications Center. (Attachments: # 1 Certificate of Service)(Iverson, Jon) (Entered: 02/17/2014) |
| 02/18/2014 | 6 | | ORDER OF RECUSAL. Judge John R. Tunheim recused. Case reassigned to Judge Donovan W. Frank for all further proceedings. **NOTE:** the new case number is **14–cv–370 DWF/JJG**. Please use this case number for all subsequent pleadings. Signed by Judge John R. Tunheim on 2/14/14. (kt) (Entered: 02/18/2014) |
| 02/21/2014 | 7 | | WAIVER OF SERVICE Returned Executed filed by Renville County. Renville County waiver sent on 2/18/2014, answer due 4/21/2014. (Flynn, Joseph) (Entered: 02/21/2014) |
| 02/21/2014 | 8 | | |

Appellate Case: 14-3750    Page: 6    Date Filed: 12/09/2014 Entry ID: 4223868

| | | | |
|---|---|---|---|
| | | | NOTICE of Appearance by Joseph E Flynn on behalf of Renville County. (Flynn, Joseph) (Entered: 02/21/2014) |
| 02/26/2014 | 9 | | NOTICE of Appearance by Darla J Boggs on behalf of City of Minneapolis. (Boggs, Darla) (Entered: 02/26/2014) |
| 02/26/2014 | 10 | | WAIVER OF SERVICE Returned Executed filed by City of Mound, City of Rosemount, City of Shakopee, City of Savage, City of Orono, Dakota Communications Center. City of Mound waiver sent on 2/17/2014, answer due 4/18/2014; City of Rosemount waiver sent on 2/17/2014, answer due 4/18/2014; City of Shakopee waiver sent on 2/17/2014, answer due 4/18/2014; City of Savage waiver sent on 2/17/2014, answer due 4/18/2014; City of Orono waiver sent on 2/17/2014, answer due 4/18/2014; Dakota Communications Center waiver sent on 2/17/2014, answer due 4/18/2014. (Attachments: # 1 Certificate of Service)(Iverson, Jon) (Entered: 02/26/2014) |
| 02/27/2014 | 11 | | NOTICE of Appearance by Mark P Hodkinson on behalf of City of Edina. (Hodkinson, Mark) (Entered: 02/27/2014) |
| 02/27/2014 | 12 | | WAIVER OF SERVICE Returned Executed filed by City of Edina. City of Edina waiver sent on 2/17/2014, answer due 4/18/2014. (Hodkinson, Mark) (Entered: 02/27/2014) |
| 03/06/2014 | 13 | | NOTICE of Appearance by Adam Matthew Niblick on behalf of City of St. Paul. (Niblick, Adam) (Entered: 03/06/2014) |
| 03/10/2014 | 14 | | MOTION to Dismiss/General by Renville County. (Guderian, Jamie) (Entered: 03/10/2014) |
| 03/10/2014 | 15 | | NOTICE OF HEARING ON MOTION 14 MOTION to Dismiss/General : Motion Hearing set for 6/6/2014 09:00 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (Guderian, Jamie) (Entered: 03/10/2014) |
| 03/10/2014 | 16 | | MEMORANDUM in Support re 14 MOTION to Dismiss/General filed by Renville County. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Guderian, Jamie) (Entered: 03/10/2014) |
| 03/10/2014 | 17 | | MEET and CONFER STATEMENT re 14 Motion to Dismiss/General filed by Renville County. (Guderian, Jamie) (Entered: 03/10/2014) |
| 03/10/2014 | 18 | | CERTIFICATE OF SERVICE ON PROPOSED ORDER by Renville County re 14 MOTION to Dismiss/General (Guderian, Jamie) (Entered: 03/10/2014) |
| 03/14/2014 | 19 | | MOTION to Dismiss/General *or to Sever* by City of St. Paul. (Niblick, Adam) (Entered: 03/14/2014) |
| 03/14/2014 | 20 | | NOTICE OF HEARING ON MOTION 19 MOTION to Dismiss/General *or to Sever* : Motion Hearing set for 6/6/2014 09:00 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (Niblick, Adam) (Entered: 03/14/2014) |
| 03/14/2014 | 21 | | MEMORANDUM in Support re 19 MOTION to Dismiss/General *or to Sever* filed by City of St. Paul. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Niblick, Adam) (Entered: 03/14/2014) |
| 03/14/2014 | 22 | | MEET and CONFER STATEMENT re 19 Motion to Dismiss/General filed by City of St. Paul. (Niblick, Adam) (Entered: 03/14/2014) |

| 03/14/2014 | 23 | | CERTIFICATE OF SERVICE ON PROPOSED ORDER by City of St. Paul re 19 MOTION to Dismiss/General *or to Sever* (Niblick, Adam) (Entered: 03/14/2014) |
|---|---|---|---|
| 03/17/2014 | 24 | | MOTION to Dismiss/General , MOTION to Sever by City of Minneapolis. (Sautter, Gregory) (Entered: 03/17/2014) |
| 03/17/2014 | 25 | | MEET and CONFER STATEMENT re 24 Motion to Dismiss/General, Motion to Sever filed by City of Minneapolis. (Sautter, Gregory) (Entered: 03/17/2014) |
| 03/17/2014 | 26 | | NOTICE OF HEARING ON MOTION 24 MOTION to Dismiss/General MOTION to Sever : Motion Hearing set for 6/6/2014 09:00 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (Sautter, Gregory) (Entered: 03/17/2014) |
| 03/17/2014 | 27 | | MEMORANDUM in Support re 24 MOTION to Dismiss/General MOTION to Sever filed by City of Minneapolis. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sautter, Gregory) (Entered: 03/17/2014) |
| 03/17/2014 | 28 | | MOTION to Dismiss/General , MOTION to Sever by City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, Dakota Communications Center. (Iverson, Jon) (Entered: 03/17/2014) |
| 03/17/2014 | 29 | | NOTICE OF HEARING ON MOTION 28 MOTION to Dismiss/General MOTION to Sever : Motion Hearing set for 6/6/2014 09:00 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (Iverson, Jon) (Entered: 03/17/2014) |
| 03/17/2014 | 30 | | MEET and CONFER STATEMENT re 28 Motion to Dismiss/General, Motion to Sever filed by City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, Dakota Communications Center. (Iverson, Jon) (Entered: 03/17/2014) |
| 03/17/2014 | 31 | | MEMORANDUM in Support re 28 MOTION to Dismiss/General MOTION to Sever filed by City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, Dakota Communications Center. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Iverson, Jon) (Entered: 03/17/2014) |
| 03/17/2014 | 32 | | AFFIDAVIT of Stephanie A. Angolkar in SUPPORT OF 28 MOTION to Dismiss/General MOTION to Sever filed by City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, Dakota Communications Center. (Attachments: # 1 Exhibit(s) 1, # 2 Certificate of Service)(Iverson, Jon) (Entered: 03/17/2014) |
| 03/17/2014 | 33 | | CERTIFICATE OF SERVICE ON PROPOSED ORDER by City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, Dakota Communications Center re 28 MOTION to Dismiss/General MOTION to Sever (Iverson, Jon) (Entered: 03/17/2014) |
| 03/18/2014 | 34 | | DOCUMENT FILED IN ERROR–WILL REFILE – Return of Service Executed for Complaint served on City of Minneapolis on 2/24/2014, filed by Jay Clifton Kolls. (Strauss, Jonathan) Modified text on 3/19/2014 (MMP). (Entered: 03/18/2014) |
| 03/18/2014 | 35 | | |

| | | | |
|---|---|---|---|
| | | | DOCUMENT FILED IN ERROR–WILL REFILE – Return of Service Executed for Complaint served on City of St. Paul on 2/24/2014, filed by Jay Clifton Kolls. (Strauss, Jonathan) Modified TEXT on 3/19/2014 (MMP). (Entered: 03/18/2014) |
| 03/19/2014 | 36 | | SUMMONS Returned Executed by Jay Clifton Kolls. City of Minneapolis served on 2/24/2014, answer due 3/17/2014. (Strauss, Jonathan) (Entered: 03/19/2014) |
| 03/19/2014 | 37 | | SUMMONS Returned Executed by Jay Clifton Kolls. City of St. Paul served on 2/24/2014, answer due 3/17/2014. (Strauss, Jonathan) (Entered: 03/19/2014) |
| 03/25/2014 | 38 | | LETTER TO DISTRICT JUDGE by Jay Clifton Kolls *Requesting Management Conference*. (Miller–Van Oort, Sonia) Modified text on 3/25/2014 (lmb). (Entered: 03/25/2014) |
| 03/31/2014 | 39 | | MEMORANDUM in Opposition re 14 MOTION to Dismiss/General filed by All Plaintiffs. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Fukuda, Kenneth) (Entered: 03/31/2014) |
| 03/31/2014 | 40 | | Response in Opposition re 19 MOTION to Dismiss/General *or to Sever* filed by All Plaintiffs. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Fukuda, Kenneth) Modified text on 4/1/2014 (MMP). (Entered: 03/31/2014) |
| 03/31/2014 | 41 | | First Declaration of Kenneth Fukuda in Support of 40 Memorandum in Opposition to Motion, 39 Memorandum in Opposition to Motion filed by All Plaintiffs. (Attachments: # 1 Exhibit(s) A)(Fukuda, Kenneth) (Entered: 03/31/2014) |
| 04/03/2014 | 42 | | ANSWER to Complaint by City of Edina. (Hodkinson, Mark) (Entered: 04/03/2014) |
| 04/04/2014 | 43 | | MOTION for Judgment on the Pleadings , MOTION to Sever by City of Edina. (Hodkinson, Mark) (Entered: 04/04/2014) |
| 04/04/2014 | 44 | | NOTICE OF HEARING ON MOTION 43 MOTION for Judgment on the Pleadings MOTION to Sever : Motion Hearing set for 6/6/2014 09:00 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (Hodkinson, Mark) (Entered: 04/04/2014) |
| 04/04/2014 | 45 | | MEMORANDUM in Support re 43 MOTION for Judgment on the Pleadings MOTION to Sever filed by City of Edina. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Hodkinson, Mark) (Entered: 04/04/2014) |
| 04/04/2014 | 46 | | MEET and CONFER STATEMENT re 43 Motion for Judgment on the Pleadings, Motion to Sever filed by City of Edina. (Hodkinson, Mark) (Entered: 04/04/2014) |
| 04/04/2014 | 47 | | CERTIFICATE OF SERVICE ON PROPOSED ORDER by City of Edina re 43 MOTION for Judgment on the Pleadings MOTION to Sever (Hodkinson, Mark) (Entered: 04/04/2014) |
| 04/07/2014 | 48 | | MEMORANDUM in Opposition re 28 MOTION to Dismiss/General MOTION to Sever filed by Jay Clifton Kolls. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Fukuda, Kenneth) (Entered: 04/07/2014) |

Appellate Case: 14-3750    Page: 9    Date Filed: 12/09/2014 Entry ID: 4223868

| 04/07/2014 | 49 | | MEMORANDUM in Opposition re 24 MOTION to Dismiss/General MOTION to Sever filed by Jay Clifton Kolls. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Fukuda, Kenneth) (Entered: 04/07/2014) |
|---|---|---|---|
| 04/14/2014 | 50 | | REPLY re 14 MOTION to Dismiss/General filed by Renville County. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate Word Count Compliance Certificate)(Guderian, Jamie) (Entered: 04/14/2014) |
| 04/14/2014 | 51 | | Notice of No Reply to Response to Motion re 19 MOTION to Dismiss/General *or to Sever* filed by City of St. Paul. (Niblick, Adam) (Entered: 04/14/2014) |
| 04/21/2014 | 52 | | REPLY re 28 MOTION to Dismiss/General MOTION to Sever filed by City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, Dakota Communications Center. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate, # 2 Certificate of Service)(Iverson, Jon) (Entered: 04/21/2014) |
| 04/21/2014 | 53 | | Reply to Response to Motion re 24 MOTION to Dismiss/General MOTION to Sever filed by City of Minneapolis. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Boggs, Darla) (Entered: 04/21/2014) |
| 04/25/2014 | 54 | | MEMORANDUM in Opposition re 43 MOTION for Judgment on the Pleadings MOTION to Sever filed by All Plaintiffs. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Fukuda, Kenneth) (Entered: 04/25/2014) |
| 05/02/2014 | 55 | | MOTION to Dismiss/General by Michael Campion, Ramona Dohman. (Larson, Oliver) (Entered: 05/02/2014) |
| 05/02/2014 | 56 | | MEMORANDUM in Support re 55 MOTION to Dismiss/General filed by Michael Campion, Ramona Dohman. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Larson, Oliver) (Entered: 05/02/2014) |
| 05/02/2014 | 57 | | AFFIDAVIT of Oliver J. Larson in SUPPORT OF 55 MOTION to Dismiss/General filed by Michael Campion, Ramona Dohman. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D)(Larson, Oliver) (Entered: 05/02/2014) |
| 05/02/2014 | 58 | | MEET and CONFER STATEMENT re 55 Motion to Dismiss/General filed by Michael Campion, Ramona Dohman. (Larson, Oliver) (Entered: 05/02/2014) |
| 05/14/2014 | 59 | | Notice of No Reply to Response to Motion re 43 MOTION for Judgment on the Pleadings MOTION to Sever filed by City of Edina. (Hodkinson, Mark) (Entered: 05/14/2014) |
| 05/23/2014 | 60 | | LETTER TO DISTRICT JUDGE by Michael Campion, Ramona Dohman . (Larson, Oliver) (Entered: 05/23/2014) |
| 05/30/2014 | 61 | | TEXT ONLY ENTRY: NOTICE to Attorney: The Court has reviewed the letter filed at Docket No. 60 by Counsel for Commissioners Ramona Dohman and Michael Campion. The Court approves the request to rule on the parties' written submissions and waive oral argument (only as to the Commissioners' motions as stated in the letter). (BJS) (Entered: 05/30/2014) |
| 06/06/2014 | 62 | | Minute Entry for proceedings held before Judge Donovan W. Frank: Motion Hearing held on 6/6/2014 re 24 MOTION to Dismiss/General MOTION to |

| | | | Sever filed by City of Minneapolis, 43 MOTION for Judgment on the Pleadings MOTION to Sever filed by City of Edina, 19 MOTION to Dismiss/General *or to Sever* filed by City of St. Paul, 28 MOTION to Dismiss/General MOTION to Sever filed by Dakota Communications Center, City of Savage, City of Mound, City of Shakopee, City of Orono, City of Rosemount, 14 MOTION to Dismiss/General filed by Renville County. Matter taken under advisement; written order to issue. (Court Reporter Jeanne Anderson) (BJS) (Entered: 06/13/2014) |
|---|---|---|---|
| 06/18/2014 | 63 | | MEMORANDUM in Opposition re 55 MOTION to Dismiss/General filed by All Plaintiffs. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Fukuda, Kenneth) (Entered: 06/18/2014) |
| 06/23/2014 | 64 | | REPLY re 55 MOTION to Dismiss/General filed by Michael Campion, Ramona Dohman. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate, # 2 Certificate of Service)(Larson, Oliver) (Entered: 06/23/2014) |
| 08/06/2014 | 65 | | TEXT ONLY ENTRY: CLERK'S NOTICE OF REASSIGNMENT. Due to the retirement of Magistrate Judge Graham, this case is reassigned to Magistrate Judge Hildy Bowbeer. Magistrate Judge Jeanne J. Graham no longer assigned to the case.**NOTE:** the new case number is **14–cv–370 DWF/HB**. Please use this case number for all subsequent pleadings. (kt) (Entered: 08/06/2014) |
| 09/18/2014 | 66 | | NOTICE of Withdrawal as Attorney (Strauss, Jonathan) (Entered: 09/18/2014) |
| 09/18/2014 | 67 | | WAIVER OF SERVICE Returned Executed filed by Jay Clifton Kolls. Michael Campion waiver sent on 4/28/2014, answer due 6/27/2014; Ramona Dohman waiver sent on 4/28/2014, answer due 6/27/2014. (Strauss, Jonathan) (Entered: 09/18/2014) |
| 11/07/2014 | 68 | 13 | MEMORANDUM OPINION AND ORDER. 1. Defendant Renville County's Motion to Dismiss or to Sever (Doc. No. 14 ) is GRANTED and all Counts against Renville County are DISMISSED WITH PREJUDICE. 2. Defendant City of Minneapolis' Motion to Dismiss or to Sever (Doc. No. 24 ) is GRANTED and all Counts against the City of Minneapolis are DISMISSED WITH PREJUDICE. 3. Defendant City of Edina's Motion for Judgment on the Pleadings or to Sever (Doc. No. 43 ) is GRANTED and all Counts against the City of Edina are DISMISSED WITH PREJUDICE. 4. Defendant City of St. Paul's Motion to Dismiss or to Sever (Doc. No. 19 ) is GRANTED and all Counts against City of St. Paul are DISMISSED WITHOUT PREJUDICE. 5. Defendants City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, and Dakota Communications Center's Motion to Dismiss or to Sever (Doc. No. 28 ) is GRANTED as follows: i. All Counts against the City of Orono, the City of Rosemount, the City of Savage and the Dakota Communications Center are DISMISSED WITH PREJUDICE. ii. All Counts against the City of Mound and City of Shakopee are DISMISSED WITHOUT PREJUDICE. 6. Michael Campion and Ramona Dohman's Motion to Dismiss (Doc. No. 55 ) is GRANTED and all Counts against Michael Campion and Ramona Dohman are DISMISSED WITH PREJUDICE. 7. Counts II, III, IV, and V are DISMISSED WITH PREJUDICE as to all Defendants. (written Opinion). Signed by Judge Donovan W. Frank on 11/7/2014. (BJS) (Entered: 11/07/2014) |
| 12/05/2014 | 69 | | |

| | | | |
|---|---|---|---|
| | | | LETTER TO DISTRICT JUDGE by Jay Clifton Kolls . (Strauss, Jonathan) (Entered: 12/05/2014) |
| 12/05/2014 | 70 | 28 | NOTICE OF APPEAL TO 8TH CIRCUIT as to 68 Order on Motion to Dismiss/General Order on Motion to Sever Order on Motion for Judgment on the Pleadings by Jay Clifton Kolls. Filing fee $ 505, receipt number 0864–4224135. (Strauss, Jonathan) Modified text on 12/5/2014 (MMP). (Entered: 12/05/2014) |
| 12/05/2014 | 71 | 29 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit, 70 . (MMP) (Entered: 12/05/2014) |
| 12/08/2014 | 72 | 31 | JUDGMENT (Attachments: # 1 Civil Notice – appeal)(kt) (Entered: 12/08/2014) |
| 12/08/2014 | | | NOTICE to USCA of subsequent filing in a civil case, Re: Judgment 72 . (kt) (Entered: 12/08/2014) |

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jay Clifton Kolls,

Civil No. 14-370 (DWF/HB)

Plaintiff,

v.

**MEMORANDUM
OPINION AND ORDER**

City of Edina; City of Minneapolis; City
of Mound; City of Orono; Dakota
Communications Center; Renville County;
City of Rosemount; City of Savage; City of
Shakopee; City of St. Paul; Michael
Campion, in his individual capacity as the
Commissioner of the Department of Public
Safety; Ramona Dohman, in her individual
capacity as the Commissioner of the
Department of Public Safety; John and Jane
Does (1-50), acting in their individual
capacity as supervisors, officers, deputies,
staff, investigators, employees or agents of
the other governmental agencies; Department
of Public Safety Does (1-30), acting in their
individual capacity as officers, supervisors,
staff, employees, independent contractors
or agents of the Minnesota Department of
Public Safety; and Entity Does (1-50),
including cities, counties, municipalities,
and other entities sited in Minnesota,

Defendants.

---

Lorenz F. Fett, Jr., Esq., Sonia L. Miller-Van Oort, Esq., and Jonathan A. Strauss, Esq.,
Sapentia Law Group PLLC, counsel for Plaintiff.

Mark P. Hodkinson, Esq., Bassford Remele, PA, counsel for Defendant City of Edina.

Darla J. Boggs and Gregory P. Sautter, Assistant City Attorneys, Minneapolis City
Attorney's Office, counsel for Defendant City of Minneapolis.

Jon K. Iverson, Esq., Stephanie A. Angolkar, Esq., and Susan M. Tindal, Esq., Iverson Reuvers Condon, counsel for Defendants City of Mound, City of Orono, Dakota Communications Center, City of Rosemount, City of Savage, and City of Shakopee.

Jamie L. Jonassen, Esq., and Joseph E. Flynn, Esq., Jardine Logan & O'Brien PLLP, counsel for Defendant Renville County.

Adam M. Niblick, Assistant City Attorney, St. Paul City Attorney's Office, counsel for Defendant City of St. Paul.

Oliver J. Larson, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Defendants Michael Campion and Ramona Dohman.

---

## INTRODUCTION

This matter is before the Court on the following motions:  (1) Defendant Renville County's ("Renville") Motion to Dismiss or to Sever (Doc. No. 14); (2) Defendant City of St. Paul's ("St. Paul") Motion to Dismiss or to Sever (Doc. No. 19); (3) Defendant City of Minneapolis' ("Minneapolis") Motion to Dismiss or to Sever (Doc. No. 24); (4) Defendants City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, and Dakota Communications Center's (together, "City and Dakota Defendants") Motion to Dismiss or to Sever (Doc. No. 28); (5) Defendant City of Edina's ("Edina") Motion for Judgment on the Pleadings or to Sever (Doc. No. 43); and (6) Michael Campion and Ramona Dohman's (together, "Commissioners") Motion to Dismiss (Doc. No. 55).  For the reasons set forth below, the Court grants the motions to dismiss and does not reach the motions to sever as moot.

2

Appellate Case: 14-3750   Page: 14   Date Filed: 12/09/2014 Entry ID: 4223868

## BACKGROUND

This case relates to the alleged unlawful access of Plaintiff Jay Clifton Kolls'
("Kolls" or "Plaintiff") information contained in the motor-vehicle records database for
Minnesota Drivers (the "Database") and maintained by the Department of Vehicle
Services ("DVS").[1]  (Doc. No. 1, Compl. ¶¶ 1-10.)  Plaintiff alleges that the personnel
from various government entities unlawfully accessed his Database information, which
includes an individual's "home address, date of birth, height, weight, eye color, color
photographs, and driver identification number . . . [and] social security numbers . . . and,
in some instances, health and disability information."  (*Id.* ¶ 99.)  Many of the allegations
in this case are identical to the allegations made in the numerous and substantially similar
cases previously filed in this District[2] and are very familiar to the Court.  *See, e.g.*,
*Mallak v. Aitkin Cnty.*, Civ. No. 13-2119, 2014 WL 1285807, at *1-3, *14-16 (D. Minn.
Mar. 31, 2013) (describing plaintiff's allegations relating to the actions by the various
government entities and the Commissioner defendants and also describing the
background and framework of the Driver's Privacy Protection Act ("DPPA")).
Therefore, here, the Court need not restate all of Plaintiff's allegations and, instead, will
focus on those alleged facts that are unique to this case.

---

[1]      DVS is a division of the Minnesota Department of Public Safety ("DPS").  (*See*
Compl. ¶¶ 39, 176.)

[2]      *See, e.g.*, *Sherno v. Anoka Cnty.*, Civ. No. 14-982, 2014 WL 4670926, at *1
(D. Minn. Sept. 19, 2014) (citing *Roschen v. Wabasha Cnty.*, Civ. No. 13-2490, 2014 WL
3105032, at *2 n.4 (D. Minn. June 26, 2014) (counting twenty-eight such cases in this
District)).

Dec 8 2014 p 15
Appellate Case: 14-3750    Page: 15    Date Filed: 12/09/2014 Entry ID: 4223868

Plaintiff alleges that he has been a Minnesota television and radio news reporter for approximately twenty-nine years.  (*Id.* ¶¶ 33, 35.)  Plaintiff is currently a reporter for KSTP, an ABC affiliate in the Twin Cities in Minnesota.  (*Id.* ¶ 34.)  Between 2006 and 2010, Plaintiff hosted a morning radio talk show on AM1500 in the Twin Cities.  (*Id.* ¶¶ 36, 37.)  Plaintiff is well known for his reporting and has won awards relating to his reporting.  (*Id.* ¶ 38.)

Plaintiff sought and obtained the audit report associated with his driver's license records from DVS in April 2013.  (Compl. ¶¶ 175-77.)  The audit report revealed that Plaintiff's records had been accessed twenty-seven times as follows:

| Entity Accessing Kolls' Records | Total Number of Lookups Alleged |
|---|---|
| Renville | 1 |
| Edina | 1 |
| Minneapolis | 6 |
| Mound | 1 |
| Orono | 1 |
| Rosemount | 1 |
| Savage | 2 |
| Shakopee | 1 |
| St. Paul | 6 |
| Dakota Communications Center | 1 |
| Others | 6 |
| **TOTAL** | **27** |

(*See id.* at Ex. A.)  The audit reflects that each lookup was made by searches using Kolls' name, not his license plate or driver's license number.  (*Id.* ¶¶ 3, 101, 178.)  Plaintiff asserts that he never provided consent for access to his records and never waived his consent.  (*Id.* ¶¶ 213, 239.)  He also alleges that he has never been investigated by the

4

Appellate Case: 14-3750   Page: 16   Date Filed: 12/09/2014 Entry ID: 4223868

entities listed above and has not committed any crimes that would authorize access to his

personal data.  (*See, e.g.*, *id.* ¶ 181; *Id.* ¶ 54.)

In his Complaint, Plaintiff asserts the following claims:  (1) violation of the

DPPA, 18 U.S.C. § 2721, *et seq*., against all Defendants; (2) violation of 42 U.S.C.

§ 1983 against all Individual Defendants, including Jane and John Does; (3) violation of

42 U.S.C. § 1983 against all Entity Defendants, Supervisor Defendants, including John,

Jane and and Entity Does; (4) violation of 42 U.S.C. § 1983 against Commissioner

Defendants and DPS Does; and (5) common law invasion of privacy against all

Defendants.  (*Id.* ¶¶ 236-323.)

Defendants now move to dismiss based on the statute of limitations, failure to state

a claim under the DPPA, failure to state a claim under § 1983, and failure to state a claim

for invasion of privacy.  (*See, e.g.*, Doc. Nos. 14, 16.)  Defendants also seek severance in

the alternative.  (*See id.*)

## DISCUSSION

### I.    Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all

facts in the complaint to be true and construes all reasonable inferences from those facts

in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th

Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory

allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th

Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v.

City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the

5

complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.    Statute of Limitations

The issues raised by the parties in the present motions have been extensively discussed in connection with other DPPA cases in this District and need not be repeated here. With respect to the question of the statute of limitations in DPPA cases, the Court hereby adopts its prior reasoning in *Mallak. See Mallak*, 2014 WL 1285807, at *4-6 (D. Minn. March 31, 2013). Therefore, the Court finds that with respect to Plaintiff's DPPA claims, the standard rule applies, and the Court declines to apply the discovery rule as sought by Plaintiff. *Id.* Application of the standard rule means that Plaintiff's DPPA

claims are subject to a four-year statute of limitations and that the clock begins running

on the date when Plaintiff's records were accessed. *See id.*

In this case, because Plaintiff filed his complaint on **February 11, 2014**, the

statute of limitations bars claims made regarding lookups occurring before

**February 11, 2010**. As a result, Plaintiff's DPPA claims related to the following

twenty-one lookups, that occurred before February 11, 2010, are time-barred and must be

dismissed:

1. Plaintiff's claim against the City of Renville for a single lookup on October 26, 2009.

2. Plaintiff's claim against the City of Edina for a single lookup on October 26, 2009.

3. Plaintiff's claims against the City of Minneapolis for all six lookups on: June 4, 2008 (2 lookups); August 11, 2008 (1 lookup); October 26, 2009 (1 lookup); and November 10, 2009 (2 lookups).

4. Plaintiff's claim against the City of Orono for a single lookup on October 26, 2009.

5. Plaintiff's claim against the City of Rosemount for a single lookup on October 26, 2009.

6. Plaintiff's claim against the City of Savage for two lookups on: December 22, 2008; and May 16, 2009.

7. Plaintiff's claims against the City of St. Paul for five of six lookups on: July 30, 2009 (1 lookup); March 14, 2009 (1 lookup); October 27, 2009 (1 lookup); and October 30, 2009 (2 lookups).

8. Plaintiff's claim against Dakota Communications Center for a single lookup on October 26, 2009.

9. Plaintiff's claims relating to other entities' lookups on: May 28, 2003 (Chaska Driver's License Office); October 29, 2009 (St. Croix County); and October 31, 2009 (St. Croix County).

(*See* Compl. at Ex. A.)

The Court notes that Plaintiff's new arguments relating to futility do not alter the Court's holdings or reasoning on the statute of limitations found in *Mallak*.  Specifically, Plaintiff argues that before August 2011, it was DPS's practice to "withhold, deny and mislead the public to prevent access" to information about lookups of one's personal information on the Database.  (Doc. No. 39 at 6, 8.)  Plaintiff argues that therefore, prior to August 2011, it would have been futile for Plaintiff to request an audit report of lookups of his records.  (*Id.*)  Plaintiff, however, fails to allege that he was ever denied access to an audit, and cites no specific facts in support of his claims that DPS regularly denied access to audits prior to 2011.  Plaintiff attaches exhibits to their Complaint in an attempt to show two such instances where an individual was denied access to an audit; however, these exhibits are insufficient to support Plaintiff's claim that DPS had a regular practice of denying access to audits prior to August 2011.

Similarly, with respect to Plaintiff's invasion of privacy claims, a two-year statute of limitations applies.  *Mallak*, 2014 WL 1285807, at \*13-14 n.21 (stating that intrusion upon seclusion is an intentional tort with a two-year statute of limitations in Minnesota).  Thus, all claims relating to lookups before **February 11, 2012**, are dismissed.  As a result, all Count V claims against all Defendants are dismissed in their entirety.[3]

---

[3]     Even if the statute of limitations did not bar Plaintiff's invasion of privacy claims, the Court would dismiss them for failure to state a claim consistent with its ruling in *Mallak*.  *See Mallak*, 2014 WL 1285807, at \*13-14.

8

In sum, all DPPA claims for data lookups prior to February 11, 2010, are dismissed, leaving only one lookup by the City of Mound, one lookup by the City of Shakopee, one lookup by the City of St. Paul, and three lookups by the Hennepin Courts. In addition, all of Plaintiff's invasion of privacy claims are dismissed in their entirety as barred by the statute of limitations.

## III.   The DPPA

In light of the Court's ruling on the statute of limitations, the remaining lookups that support Plaintiff's DPPA claims are as follows:

1.   One lookup by the City of Mound on May 17, 2011.

2.   One lookup by the City of Shakopee on December 6, 2010.

3.   One lookup by the City of St. Paul on February 11, 2010.

4.   Three lookups by the Hennepin Courts:  two lookups on June 21, 2011; and one lookup on June 27, 2011.

With respect to the remaining DPPA claims, the Court further incorporates its holdings and analysis in *Mallak* as they relate to DPPA claims.  *See Mallak*, 2014 WL 1285807, at *6-9.  Generally, to be liable under the DPPA, a defendant must knowingly obtain, disclose, or use personal information for a purpose other than one of the permissible purposes listed under Section 2721(b).  *See* 18 U.S.C. § 2724(a); *see also Mallak*, 2014 WL 1285807, at *6.  In *Mallak*, this Court further held that whether an individual "obtained" information involves a fact-specific analysis, but need not necessarily include physical possession, and that to state a claim under the DPPA, a plaintiff must allege that the information as obtained "for a purpose not permitted."

9

*Mallak*, 2014 WL 1285807, at *6-9; *see also Nelson v. Jesson*, Civ. No. 13-340, 2013

WL 5888235, at *2 (D. Minn. Nov. 1, 2013) (holding that possession or acquisition of

information need not be tangible and information may be "obtained" through viewing);

*Kost v. Hunt*, 983 F. Supp. 2d 1121, 1133 (D. Minn. 2013) ("The plain language of the

[statute] . . . makes clear that the personal information must be knowingly obtained 'for a

purpose not permitted.'").  Here, Plaintiff alleges that he has adequately stated a claim

against all Defendants for violating the DPPA.  Plaintiff also alleges that the

Commissioners failed to adequately control and monitor access to his data contained in

the Database.

In light of the Court's analysis in *Mallak*, the Court must now examine the facts

alleged in this case and decide whether Plaintiff has stated a plausible claim.  *See*

*Roschen v. Wabasha Cnty.*, Civ. No. 13-2490, 2014 WL 3105032, at *6 (D. Minn.

June 26, 2014) (stating that in DPPA cases the court must "attempt to discern cases which

allege plausible claims from cases where plaintiffs engage in farfetched speculation that

does not rise to the level of plausibility").  The Court concludes that Plaintiff's DPPA

claims in this case do not cross the requisite "line from conceivable to plausible."

*Twombly*, 550 U.S. at 570.

Here, Plaintiff's only allegations are that Kolls has been a television and radio

news reporter for twenty-nine years and that his records were accessed twenty-seven

times by thirteen different entities through their individual employees.  (*See* Compl.

¶¶ 33-38, Ex. A.)  Plaintiff adds that "[m]any of the obtainments occurred when Kolls

[sic] broadcasting or had just gotten off the air," but fails to explain which "obtainments"

10

Appellate Case: 14-3750     Page: 22     Date Filed: 12/09/2014 Entry ID: 4223868

he is referencing, when those "obtainments" occurred, what broadcasting function occurred, or any other facts to support this statement.  (*See id.* ¶ 98.)  Plaintiff's allegations in this case amount to nothing more than speculation that the lookups were improper because he maintains a certain degree of fame.  There must be more than the "sheer possibility that a defendant has acted unlawfully," and here Plaintiff only offers such a "sheer possibility."  *Iqbal*, 556 U.S. at 678.

This case is distinguishable from *Mallak* where the plaintiff alleged facts that supported an inference that those persons who accessed her records were interested in her based on her role as a public defender and local attorney—a role with which defendants would have likely interacted.  Most of plaintiff Mallak's lookups were in areas where she worked or was involved in her role as an attorney.  *See Mallak*, 2014 WL 1285807, at *6-9.  These alleged reasons for accessing Mallak's information reach beyond mere "fame" as alleged here.  Additionally, though volume of lookups alone is insufficient to allow a plaintiff to state a claim, it can be relevant factual support for a claim.  *See id.*  Here, Plaintiff alleges twenty-seven lookups.  (Compl. ¶ 95.)  This differs from the 190 lookups in *Mallak*.  *Mallak*, 2014 WL 1285807, at *1.  Further, Plaintiff in this case fails to even allege where he lives, works, travels, or any other factual support to show why each lookup might be unreasonable or unlikely to support a "permissible" law enforcement function.  This too distinguishes the present case from *Mallak* in which the plaintiff provided a detailed work history and community ties and activities relating to her role as an attorney in the area.  *Id.* at *1-2.  Instead, the allegations in this case are much like in *Mitchell v. City of Aitkin*, in which the plaintiff tries to rely solely on her

11

status as a television personality, but fails to connect the lookups to her status in any way. *See* Civ. No. 13-2167, 2014 WL 835129, at \*6-9 (D. Minn. Mar. 4, 2014); *see also Mallak*, 2014 WL 1285807, at \*9 n.12 (distinguishing *Mitchell* from *Mallak*).

In sum, Plaintiff fails to state a claim for a DPPA violation against any Defendant under Rule 12(b)(6), and all of Plaintiff's remaining DPPA claims must be dismissed. The Court, however, dismisses the claims without prejudice. Should Plaintiff choose to amend the Complaint, the Court reserves the right to award any attorney fees and costs associated with an amended complaint that fails to substantially and materially address the deficiencies outlined by this Memorandum Opinion and Order. The Court also cautions Plaintiff to ensure that he carefully considers any permissible reasons for law enforcement to be accessing his data, such as calls to the police reporting criminal activity, any known associations relating to criminal activity, or any other investigations relating to Plaintiff's personal circumstances in any way.

## IV.    42 U.S.C. § 1983

Plaintiff's § 1983 claims also do not survive Defendants' motions to dismiss. The Court hereby adopts its prior reasoning in *Mallak* with respect to Plaintiff's § 1983 claims. *Mallak*, 2014 WL 1285807, at \*9-12; *see also Potocnik v. Carlson*, Civ. No. 13-2093, 2014 WL 1206403, at \*12-16 (D. Minn. Mar. 24, 2014); *Kiminski v. Hunt*, Civ. No. 13-185, 2013 WL 6872425, at \*9-15 (D. Minn. Sept. 20, 2013). In sum, as detailed in a number of DPPA cases before courts in this District, including by this Court in *Mallak*, claims under § 1983 cannot stand because: (1) the DPPA constitutes a comprehensive enforcement scheme and thereby precludes a remedy under § 1983; and

12

(2) there is no constitutional right to privacy in the information that Plaintiff seeks to protect; and (3) there is no reasonable expectation of privacy in the information that Plaintiff seeks to protect.[4]  *Mallak*, 2014 WL 1285807, at *9-12; *see also Rasmusson v. Chisago Cnty.*, 991 F. Supp. 2d 1065, 1070-77 (D. Minn. 2014); *Potocnik*, 2014 WL 1206403, at *12-16; *Kiminski*, 2013 WL 6872425, at *9-15.  Thus, all of Plaintiff's § 1983 claims are dismissed in their entirety.[5]

## V.      Commissioners

The arguments Plaintiff presents in this case with respect to the Commissioners are substantially similar to those presented in *Mallak*.  As a result, the Court again concludes that all claims against the Commissioners must be dismissed in accordance with its analysis and holdings in *Mallak*, which it adopts herein.  *See Mallak*, 2014 WL 1285807, at *14-16.  To the extent Plaintiff makes an additional argument that the Commissioners are subject to strict liability, the Court finds the reasoning in *Potocnik* persuasive and also adopts that reasoning herein.  *Potocnik*, 2014 WL 1206403, at *4.  Plaintiff's claims against the Commissioners are thus dismissed in their entirety.

## VI.     Qualified Immunity and Severance

---

[4]      Plaintiff asserts claims under both the Fourth and Fourteenth Amendments based on alleged illegal searches and violations of the right to privacy.  The Court addresses both together in *Mallak*.  *See Mallak*, 2014 WL 1285807, at *9-12.

[5]      To the extent Plaintiff seeks to assert a *Monell* claim, there is no such claim where there is no underlying violation of Plaintiff's constitutional rights.  *See Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007); *Mallak*, 2014 WL 1285807, at *13.  As a result, any *Monell* claims against the City and County Defendants are dismissed.

Dec 8 2014 p 25

Appellate Case: 14-3750     Page: 25     Date Filed: 12/09/2014 Entry ID: 4223868

Because the Court has dismissed all of the claims, Defendants' requests for qualified immunity and severance are moot.

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant Renville County's Motion to Dismiss or to Sever (Doc. No. [14]) is **GRANTED** and all Counts against Renville County are **DISMISSED WITH PREJUDICE**.

2.      Defendant City of Minneapolis' Motion to Dismiss or to Sever (Doc. No. [24]) is **GRANTED** and all Counts against the City of Minneapolis are **DISMISSED WITH PREJUDICE**.

3.      Defendant City of Edina's Motion for Judgment on the Pleadings or to Sever (Doc. No. [43]) is **GRANTED** and all Counts against the City of Edina are **DISMISSED WITH PREJUDICE**.

4.      Defendant City of St. Paul's Motion to Dismiss or to Sever (Doc. No. [19]) is **GRANTED** and all Counts against City of St. Paul are **DISMISSED WITHOUT PREJUDICE**.

5.      Defendants City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, and Dakota Communications Center's Motion to Dismiss or to Sever (Doc. No. [28]) is **GRANTED** as follows:

Dec 8 2014 p 26
Appellate Case: 14-3750     Page: 26     Date Filed: 12/09/2014 Entry ID: 4223868

      i.      All Counts against the City of Orono, the City of Rosemount,

the City of Savage and the Dakota Communications Center are

**DISMISSED WITH PREJUDICE**.

      ii.      All Counts against the City of Mound and City of Shakopee

are **DISMISSED WITHOUT PREJUDICE**.

    6.      Michael Campion and Ramona Dohman's Motion to Dismiss (Doc.

No. [55]) is **GRANTED** and all Counts against Michael Campion and Ramona Dohman

are **DISMISSED WITH PREJUDICE**.

    7.      Counts II, III, IV, and V are **DISMISSED WITH PREJUDICE** as to all

Defendants.


Dated:  November 7, 2014           s/Donovan W. Frank
                            DONOVAN W. FRANK
                            United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jay Clifton Kolls,                          Civil File No. 14-CV-00370 (DWF/HB)

                    Plaintiff,

v.
                                            **NOTICE OF APPEAL**

City of Edina, *et al.*

                    Defendants.

Pursuant to Fed. R. App. P. (c)(1) and (4)(a), notice is hereby given that Plaintiff Jay Clifton Kolls in the above-named case appeals to the United States Court of Appeals for the Eighth Circuit.

Plaintiff appeals from the Order (Docket 68) of the United States District Court for the District of Minnesota that was entered on November 7, 2014. Plaintiff appeals the Court's Order dismissing his Complaint, and all Orders inhering therein.

Dated:  December 5, 2014          **SAPIENTIA LAW GROUP, PLLC**

                                 s/Jonathan A. Strauss
                                 Jonathan A Strauss (#279602)
                                 Lorenz F. Fett, Jr. (#196769)
                                 Sonia Miller-Van Oort (#278087)
                                 12 S 6th St, Suite 1242
                                 Minneapolis, MN 55402
                                 Phone:  612-756-7100
                                 Fax: 612-756-7101
                                 jons@sapientialaw.com
                                 larryf@sapientialaw.com
                                 soniamv@sapientialaw.com

                                 ***ATTORNEYS FOR PLAINTIFF***



# UNITED STATES DISTRICT COURT
## District of Minnesota

Warren E. Burger Federal
Building and U.S. Courthouse
316 North Robert Street
Suite 100
St. Paul, MN  55101
(651) 848-1100

U.S. Courthouse
300 South Fourth Street
Suite 202
Minneapolis, MN 55415
(612) 664-5000

Gerald W. Heaney Federal
Building and U.S.
Courthouse
515 West First Street
Suite 417
Duluth, MN 55802
(218) 529-3500

Edward J. Devitt U.S.
Courthouse and Federal
Building
118 South Mill Street
Suite 212
Fergus Falls, MN  56537
(218) 739-5758

## TRANSMITTAL OF APPEAL

Date:

To:     U.S. COURT OF APPEALS, 8TH CIRCUIT

From:                                   , U.S. District Court-Minnesota

In Re:  District Court Case No.:
        Eighth Circuit Case No.:
        Case Title:

The statutory filing fee has:
        been paid, receipt number:

        not been paid as of
                IFP     is      is not pending.

        been waived because:
                Application for IFP granted        USA filed appeal

Length of Trial:        days

Was a court reporter utilized?        Yes        No
        If yes, please identify the court reporter.

        Name:

        Address:

        Phone:

Original file(s) consisting of ____ file(s) and ____ expandables.

Transcript(s):

| Volume | Date | Proceeding |
|--------|------|------------|
|        |      |            |
|        |      |            |
|        |      |            |
|        |      |            |
|        |      |            |
|        |      |            |
|        |      |            |
|        |      |            |
|        |      |            |
|        |      |            |
|        |      |            |
|        |      |            |
|        |      |            |
|        |      |            |

# UNITED STATES DISTRICT COURT
## District of Minnesota

Jay Clifton Kolls

                    Plaintiff,

v.

 City of Edina; City of Minneapolis; City
of Mound; City of Orono; Dakota
Communications Center; Renville County;
City of Rosemount; City of Savage; City of
Shakopee; City of St. Paul; Michael
Campion, in his individual capacity as the
Commissioner of the Department of Public
Safety; Ramona Dohman, in her individual
capacity as the Commissioner of the
Department of Public Safety; John and Jane
Does (1-50), acting in their individual
capacity as supervisors, officers, deputies,
staff, investigators, employees or agents of
the other governmental agencies;
Department  of Public Safety Does (1-30),
acting in their  individual capacity as
officers, supervisors,  staff, employees,
independent contractors  or agents of the
Minnesota Department of  Public Safety;
and Entity Does (1-50),  including cities,
counties, municipalities,  and other entities
sited in Minnesota,

                    Defendant(s).

# JUDGMENT IN A CIVIL CASE

Case Number:  14-cv-370 DWF/HB

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury
has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or
heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

Appellate Case: 14-3750     Page: 31     Date Filed: 12/09/2014 Entry ID: 4223868

1. Defendant Renville County's Motion to Dismiss or to Sever (Doc. No. [14]) is **GRANTED** and all Counts against Renville County are **DISMISSED WITH PREJUDICE**.

2. Defendant City of Minneapolis' Motion to Dismiss or to Sever (Doc. No. [24]) is **GRANTED** and all Counts against the City of Minneapolis are **DISMISSED WITH PREJUDICE**.

3. Defendant City of Edina's Motion for Judgment on the Pleadings or to Sever (Doc. No. [43]) is **GRANTED** and all Counts against the City of Edina are **DISMISSED WITH PREJUDICE**.

4. Defendant City of St. Paul's Motion to Dismiss or to Sever (Doc. No. [19]) is **GRANTED** and all Counts against City of St. Paul are **DISMISSED WITHOUT PREJUDICE**.

5. Defendants City of Mound, City of Orono, City of Rosemount, City of Savage, City of Shakopee, and Dakota Communications Center's Motion to Dismiss or to Sever (Doc. No. [28]) is **GRANTED** as follows:

i. All Counts against the City of Orono, the City of Rosemount, the City of Savage and the Dakota Communications Center are **DISMISSED WITH PREJUDICE**.

ii. All Counts against the City of Mound and City of Shakopee are **DISMISSED WITHOUT PREJUDICE**.

6. Michael Campion and Ramona Dohman's Motion to Dismiss (Doc. No. [55]) is **GRANTED** and all Counts against Michael Campion and Ramona Dohman are **DISMISSED WITH PREJUDICE**.
7. Counts II, III, IV, and V are **DISMISSED WITH PREJUDICE** as to all Defendants.

Date: December 8, 2014                                    RICHARD D. SLETTEN, CLERK
                                              _____

                                                           s/Katie Thompson
                                              _____
                                                 (By)          Katie Thompson, Deputy Clerk

Appellate Case: 14-3750   Page: 32   Date Filed: 12/09/2014 Entry ID: 4223868



# UNITED STATES DISTRICT COURT
## District of Minnesota

Warren E. Burger Federal
Building and U.S. Courthouse
316 North Robert Street
Suite 100
St. Paul, MN  55101
(651) 848-1100

U.S. Courthouse
300 South Fourth Street
Suite 202
Minneapolis, MN 55415
(612) 664-5000

Gerald W. Heaney Federal
Building and U.S.
Courthouse
515 West First Street
Suite 417
Duluth, MN 55802
(218) 529-3500

Edward J. Devitt U.S.
Courthouse and Federal
Building
118 South Mill Street
Suite 212
Fergus Falls, MN  56537
(218) 739-5758

## CIVIL NOTICE

**The appeal filing fee is $505.00.  If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only.  For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1.  Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2.  Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3.  Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4.  Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal.  This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires.  If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it.  The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.